## Perry v. Guttman
### [Cite as 2 AOA 29]

Case No. C-890036
Hamilton County, (1st)
Decided April 18, 1990

R.C. 1923.02
R.C. 5321.07
R.C. 5321.16

*Dennis A. Liggett, Esq., 4725 Cornell Road, Cincinnati, Ohio 45241, for Plaintiffs-Appellants-Cross-Appellees,*

*Stuart L. Richards, Esq., 906 Main Street, Suite 405, Cincinnati, Ohio 45202, for Defendant-Appellee/Cross-Appellant.*

*Per Curiam.*

This cause came on to be heard upon the appeals,[1] the transcript of the docket, journal entries and original papers from the Hamilton County Municipal Court, the transcript of the proceedings, the briefs and the arguments of counsel.

The tenancy that lies at the heart of these appeals first became the subject of litigation on November 25, 1986, when NCPM, Inc., brought an action against Jack and Deborah Perry, the tenants of one of its apartments, in forcible entry and detainer in municipal court case number 85CV-38506 (the "eviction action"); and when Marvin Guttman, as landlord, sued the Perrys for money damages arising out of the same tenancy by a complaint filed the same day and assigned case number 85CV-32920 (the "damage action"). Judgments in both actions were approved and filed for journalization on June 19, 1986. The municipal court granted restitution of the premises to NCPM, Inc., in the eviction action, and awarded $160 plus costs (representing rent for the month of October 1985) against the Perrys and in favor of "Marvin Guttman, NCPM, Inc., in the damage action. The municipal court also awarded the Perrys $200 plus costs in the damage action on their counterclaim against Guttman, based on his failure to provide them a garage as promised.

On August 8, 1986, the Perrys instituted the present action by filing a complaint against Guttman, assigned municipal court case number 86CV-29623, seeking the return of a $700 security deposit, additional damages of $700 for the wrongful withholding of the deposit, and attorney's fees. On September 25, 1986, Guttman filed his counterclaim for $3,170 in rent from October and November 1985 and July through October 1986,[2] and for damages of $305 for various expenses he incurred in restoring the premises to their previous condition after the Perrys surrendered their occupancy.

On July 23, 1987, the municipal court entered judgment, finding "that all issues between the parties, except the return of the security deposit, have previously been litigated between the parties in case #85 CV 32920, Guttman vs. Perry, June 19, 1986 and is [sic] therefore *res judicata* as to the issues and parties herein." T.d. 11. The court therefore denied Guttman's counterclaim, and found the Perrys to be entitled to the return of their $700 security deposit, but because the deposit was not withheld in bad faith, refused to award damages or attorney's fees. Both parties appealed the decision in appeals numbered C-870530 and C-870568.

On September 28, 1988, this court reversed the judgment of the trial court in the consolidated appeals and remanded the cause to the trial court for further proceedings. This court held that the municipal court erred when it determined that Guttman's counterclaim for rent for the months of July through October 1986, which accrued after the date of the municipal court's June 19, 1986, decision in case number 85CV-32920, was *res judicata*. The claim for rent that accrued after the municipal court's decision could not have been addressed therein and therefore was not subject to the defense that the claim was *res judicata*. In our decision, we reiterated earlier holdings of this court that a landlord's election (or an election of those in privity with him) to pursue an eviction action does not release the tenant from his or her obligation to pay rent after the premises are vacated.

Our September 28, 1988, decision also held the municipal court's judgment to be erroneous

with respect to the award of the sum posted as a security deposit. The municipal court erroneously denied an award of damages and attorney's fees pursuant to R.C. 5321.16(B) and (C), despite its finding that the sum had been wrongfully withheld, albeit not in bad faith. We therefore remanded the causes for a new trial.

Upon remand, by agreement of both parties, the case was again submitted to the municipal court for further consideration based upon our decision and the previously established record. On December 20, 1988, the municipal court again entered its judgment, and in this instance held that the Perrys were entitled to damages of $700 and attorney's fees of $500, in addition to the return of their security deposit. The court also held that Guttman was entitled to $2100 claimed in his counterclaim for rent that accrued during the months of July through September 1986. Both parties now bring separate appeals from the trial court's judgment. The Perrys' appeal is designated as C-890036 and Guttman's appeal is numbered C-890047.

### No. C-890036

In the sole assignment of error claimed in their appeal, the Perrys assert that the trial court erred when it held that Guttman was entitled to rent for the months of July through September 1986, after it held in the judgment entered in the damage action dated June 16, 1986, that both parties had breached the lease. The Perrys argue that the municipal court's finding that Guttman breached his promise to provide a garage indicates Guttman breached the lease, and that they were entitled to elect to terminate the lease pursuant to R.C. 5321.07(A). They conclude that they were therefore under no further obligation to pay rent to Guttman once they vacated the premises. The contention is meritless.

Under R.C. 5321.07, before a tenant may elect to terminate a rental agreement, the tenant is required to (a) provide the landlord written notice specifying the acts or omissions which constitute the landlord's non-compliance with (in this case) the rental agreement, (b) allow the landlord the sooner of thirty days or a reasonable time in which to remedy the deficiency, and (c) be current in rent payments due the landlord. The Perrys, by their counsel, fail even to suggest that they fulfilled any of the conditions precedent to termination under R.C. 5321.07. The record suggests that the opposite was the case in at least one respect.[3]

We would overrule the Perrys' assignment of error in its entirety, but for our conclusion that Guttman did not wrongfully withhold the Perrys' $700 security deposit, as discussed below in the accompanying appeal numbered C-890047. We separately conclude below that Guttman was entitled to apply the security deposit to payment of past-due rent pursuant to R.C. 5321.16, and we therefore conclude that the trial court's award to Guttman of $700 for rent from the month of July 1986 was contrary to law. Accordingly, the Perrys' assignment of error is, in part, well taken.

### No. C-890047

In his sole assignment of error, Marvin Guttman claims that the trial court erred when it awarded, pursuant to R.C. 5321.16 (C), the return of the Perrys' $700 security deposit, damages in an amount equal to the security deposit and attorney's fees. We agree with his contention that the award is inconsistent with the trial court's determination that Guttman was entitled to rent accrued during the month of July 1986.

R.C. 5321.16(B) permits a landlord to apply money held as a security deposit to payment of past-due rent. The statute provides further that "[a]ny deduction from the security deposit shall be itemized and identified by the landlord in a written notice delivered to the tenant with the amount due, within thirty days after termination of the rental agreement and delivery of possession." A review of the record discloses that the Perrys vacated the premises on June 29, 1986, and that Guttman, by his attorney, sent a written notice dated July 24, 1986, to the Perrys that itemized his claim for $700 for rent accrued during the month of July 1986. We therefore conclude that the trial court's finding that Guttman wrongfully withheld the security deposit is contrary to law.

Because Guttman complied with R.C. 5321.16(B), the trial court's award to the Perrys of the security deposit, damages and attorney's fees under R.C. 5321.16(C) was erroneous. Accordingly, we reverse in part the decision of the trial court and remand this cause with instructions to enter judgment in favor of Guttman on the Perrys' claim for return of their security deposit, damages and attorney's fees. As discussed in appeal number C-890036, we also reverse the judgment of the trial court as it relates to the award to Guttman of rent accrued during the month of July 1986; we affirm the trial court's judgment with respect to the award to Guttman of rent for the months of August and September 1986, and we remand the cause to the trial court with instructions to enter

judgment and to award damages in favor of Guttman in the amount of $1400.

*Judgment affirmed in part, reversed in part, and cause remanded.*

SHANNON, P.J., KLUSMEIER and UTZ, JJ.
———

[1] Appeal number C-890047 came on to be heard upon the accelerated calendar of this Court pursuant to App. R. 11.1 and Local Rule 12. Because the appeal was consolidated upon the motion of the plaintiffs/cross-appellees in that appeal with appeal number C-890036, which remained on the regular calendar of this Court, we hereby remove appeal number C-890047 from the accelerated calendar and *sua sponte* place it on the regular calendar.

This cause has previously been considered in some respects on appeal by this Court in consolidated appeals numbered C-870530 and C-870568.

As we similarly noted in our earlier decision, the defendant-appellee in appeal number C-890036 is identified as Marvin Guttman, et al., and in appeal number C-890047 the defendant/cross-appellant is named only as Marvin Guttman. The defendant was named in the complaint as "Marvin Guttman, a.k.a. N.C.P.M., Inc., a.k.a. Mr. D Realty Co."

[2] Guttman claimed that $230 was due for rent from October 1985, $140 was due from November 1985, and $2800 was due from July through October 1986, for a total of $3,170.

[3] We note that Guttman successfully evicted the Perrys for non-payment of rent, and the statements of their counsel in the proceedings below indicate that they were content to remain in the premises until the time of their eviction. T.p. 73.